UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PG&E CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. TRUSTEE,<br><br>Defendant. | Case No. 23-cv-02761-HSG<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDER**<br><br>Re: Dkt. No. 5 |

Before the Court is the appeal filed by Liza Sims, individually and on behalf of the estate of her mother Edna Gleason, and Thomas and Jaydene Gardner (collectively "Appellants") of the Bankruptcy Court's *Order Enforcing Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions* entered on May 26, 2023 (the "Enforcement Order"). Bankr. Dkt. No. 13777.[1] Having carefully considered the briefs,[2] the Court **AFFIRMS** the Bankruptcy Court's order.

I. **BACKGROUND**

   A. **PG&E's Bankruptcy And Chapter 11 Plan**

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California. Significantly, the Debtors needed to propose a plan of reorganization that satisfied the requirements of A.B. 1054. In light of the "increased risk of catastrophic wildfires," A.B. 1054 created the "Go-Forward Wildfire Fund" as a multi-billion dollar safety-net to compensate future victims of public utility fires by "reduc[ing] the costs to ratepayers in

---

[1] "BR Dkt. No." references are to the Bankruptcy Court's docket, Case No. 19-30088 (DM) (Bankr. N.D. Cal.). "Dkt. No." references are to the Court's docket.
[2] Including Dkt. No. 5 ("Appellants' Brief"); Dkt. No. 6 ("Appellee's Opp."); Dkt. No. 7 ("Appellants' Reply").

1    addressing utility-caused catastrophic wildfires," supporting "the credit worthiness of electrical

2    corporations," like the Debtors, and providing "a mechanism to attract capital for investment in

3    safe, clean, and reliable power for California at a reasonable cost to ratepayers."  A.B. 1054 § 1(a).

4          For the Debtors to qualify for the Go-Forward Wildfire Fund, however, A.B. 1054

5    required, among other things, the Debtors to obtain an order from the Bankruptcy Court

6    confirming a plan of reorganization by June 30, 2020.  *See* A.B. 1054 § 16, ch. 3, 3292(b).  After

7    more than sixteen months of negotiations among a variety of stakeholders, and following

8    confirmation hearings that spanned several weeks, the Debtors' Plan of Reorganization dated June

9    19, 2020 ("Plan") was confirmed by the Bankruptcy Court on June 20, 2020, and became effective

10   on July 1, 2020.

11       **B.**    **The Sims and Gardner Dispute**

12           **1.**    **The Fire Trust and Appellant's Claims**

13         This dispute arises from a fire that occurred in Magalia, California in November 2018 (the

14   "2018 Camp Fire") that caused property damage to Appellants and created liabilities for PG&E.

15   Appellants' Brief at 6.  As part of the Plan, all fire claims against PG&E were to be discharged

16   pursuant to an injunction (the "Channeling Injunction") and adjudicated and paid through the Fire

17   Victim Trust.  BR Dkt. No. 8053 at 50, 57, 67-68, 83-84.  Under the Plan and Confirmation Order,

18   "Fires" means the 2015 Butte Fire, multiple 2017 North Bay Wildfires, and the 2018 Camp Fire.

19   BR Dkt. No. 8053 at 101.  Additionally, under the Plan, the Bankruptcy Court retained the power:

20

21           To issue injunctions, enter and implement other orders, and take such
             other actions as may be necessary or appropriate to restrain
22           interference by any Entity with the consummation, implementation,
             or enforcement of the Plan, the Confirmation Order, or any other
23           order, judgment or ruling of the Bankruptcy Court, including
             enforcement of the releases, exculpations, and the Channeling
24           Injunction.

25   BR Dkt. No. 8053 at 90.  Appellants did not challenge the Plan and Confirmation Order before it

26   was entered.  May 24, 2023, Hr'g Tr at 10-11.

27         Appellants filed four proofs of claim premised on the same underlying facts with the Fire

28   Victim Trust, and the claims were ultimately determined and paid by the Trust.  BR Dkt. Nos.

United States District Court
Northern District of California

2

56174, 56224, 56255, 56256.

In April 2023, PG&E brought a motion in the Bankruptcy Court seeking to discharge nineteen outstanding state court fire claims based on the Channeling Injunction provision. BR Dkt. No. 13685. Appellants' two cases were among the nineteen remaining matters. PG&E filed a declaration by Keith Eggleton, its counsel of record, in support of its motion. BR Dkt. No. 13686. Appellants opposed the enforcement motion, arguing that the Channeling Injunction was improper and that their state court cases, which included punitive damages claims, should not be enjoined. BR Dkt. No. 13710. PG&E replied and filed another declaration by Eggleton. BR Dkt. No. 13742. In May 2023 the Bankruptcy Court held a hearing on the enforcement motion, and ruled in favor of PG&E two days later. May 24, 2023, Hr'g Tr.; BR Dkt. No. 13777. Appellants appealed. BR Dkt. No. 13798; Dkt. No. 1.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. "The scope of the bankruptcy discharge injunction is a mixed question of law and fact to be reviewed either de novo or for clear error, depending upon whether questions of law or questions of fact predominate." *In re Mellem*, 625 B.R. 172, 177 (B.A.P. 9th Cir. 2021), *aff'd*, No. 21-60020, 2021 WL 5542226 (9th Cir. Nov. 26, 2021). The bankruptcy court's decision to consider or exclude evidence is reviewed for abuse of discretion. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2583 (2023); *Garcia v. Fawzy*, No. 22-60002, 2023 U.S. App. LEXIS 9760, at *1 (9th Cir. Apr. 24, 2023).

## III. DISCUSSION

Appellants assert that the Bankruptcy Court erred in several respects in granting PG&E's enforcement motion. Specifically, Appellants argue that the Bankruptcy Court violated their due process rights, exceeded its authority by issuing and enforcing the Channeling Injunction, and improperly considered the Eggelton declarations. Appellants' Brief at 7-8. PG&E responds that (A) the Plan and Confirmation Order discharged Appellants' claims; (B) Appellants due process rights were not violated because they did not appeal or contest the Plan and Confirmation Order;

3

1    and (C) the Bankruptcy Court did not err in considering the Eggleton declarations, and that even
2    had there been any error, it would have been harmless. Appellee's Opp. at 10-11.

### A.   The Plan And Confirmation Order Discharged Appellants' Claims

Appellants argue that the Bankruptcy Court exceeded its authority under 11 U.S.C. § 105 by issuing the Channeling Injunction, and contend that the claims were wrongfully discharged under 11 U.S.C. § 523(a)(6) because that statute applies to corporate and individual debtors. PG&E responds that Appellants' claims were properly discharged based on the Channeling Injunction and determined by the Victim Fire Trust. Appellee's Opp. at 11-12. PG&E further argues that the Bankruptcy Court did not exceed its authority because the plain language of § 523(a)(6) only applies to individual debtors, and PG&E is undisputedly a corporate debtor. *Id.* at 12 -13. The Court considers these legal issues de novo, and agrees with PG&E.

The Court first finds that, by Appellants' own admission, their punitive damages claims fall within the Plan and Confirmation Order's definition of Fire Claims. Section 1.78 of the Plan and Confirmation Order provides that:

> Fire Claim means any Claim against the Debtors in any way arising out of the Fires, including, but not limited to, any Claim resulting from the Fires for . . . (h) *punitive and exemplary damages* under California Civil Code §§733 and 3294, California Public Utilities Code § 2106, or otherwise.

BR Dkt. No. 8053 at 18 (emphasis added). Appellants admit that their claims arose from the 2018 Camp Fire, which was covered by the Plan and Confirmation Order. Appellants' Brief at 6; May 24, 2023, Hr'g Tr at 10. Under the Plan and Confirmation Order, all claims premised on those fires were discharged through the Channeling Injunction to the Fire Victim Trust. BR Dkt. No. 8053 at 50, 57, 67-68, 83-84. Therefore, Appellants' claims were properly discharged.

The Court next rejects Appellants' argument that § 523(a)(6) prohibited the Bankruptcy Court from discharging punitive damages claims through the Channeling Injunction. Section 523(a) provides that "[a] discharge under section 727, 1141, 1192 1 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual debtor* from any debt . . . ." § 523(a) (emphasis added). The Ninth Circuit has directly held that § 523(a) only applies to individual debtors. *See*

*In re Pac.-Atl. Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) ("[Section] 523 only applies to individual and not corporate debtors."); *see also In re Off-Spec Sols., LLC*, 651 B.R. 862, 867 (B.A.P. 9th Cir. 2023) ("Section 523(a) unambiguously applies only to individual debtors."). It is undisputed that PG&E is a corporate debtor. Accordingly, the Bankruptcy Court did not exceed its authority because Appellants' claims were appropriately discharged by the Plan and Confirmation Order and were not subject to § 523(a)(6).

### B. Appellants' Due Process Rights Were Not Violated

Appellants' due process rights were not violated because they had an opportunity to challenge the Plan and Confirmation Order and chose not to file an objection. As a threshold matter, the Ninth Circuit requires that an appellant must "pursue with diligence all available remedies to obtain a stay of execution of the objectionable order." *In re City of Stockton, California*, 909 F.3d 1256, 1264 (9th Cir. 2018) (quoting *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981)). Given that the debtor, creditors, and interested third parties need certainty to implement a confirmed plan, the Ninth Circuit has explained that "if a creditor wishes to challenge a reorganization plan on appeal, we require the creditor to seek a stay of proceedings before the bankruptcy court." *Stockton*, 909 F.3d at 1263.

Appellants admit that they did not challenge the Confirmation Order, which has been final for three years. May 24, 2023, Hr'g Tr at 10-11. Appellants' argument that their due process rights were violated because they "filed a written non-waiver of their punitive damages claim as an exhibit to their application for benefits from the Fire Victim Trust" plainly fails because, as discussed above, their claims fell squarely within the Plan and Confirmation Order. Plaintiff cites no authority, and the Court finds none, that justifies overturning the Channeling Injunction three years after it became final. "Finality is essential to the success of bankruptcy reorganization plans, and both creditors and the debtor require certainty so that the debtor can return to economic health, and the creditors can maximize their recovery within the debtor's ability to pay." *Paradise Unified Sch. Dist. v. Fire Victim Tr.*, No. 20-CV-05414-HSG, 2021 WL 428629, at *3 (N.D. Cal. Feb. 8, 2021), *aff'd sub nom. In re Pac. Gas & Elec. Co.*, No. 21-15447, 2022 WL 911780 (9th Cir. Mar. 29, 2022) (citation and internal brackets omitted). Accordingly, the Court rejects

Appellants' due process claim.

### C. The Bankruptcy Court Did Not Err In Considering The Eggleton Declarations

The Bankruptcy Court did not abuse its discretion in considering the Eggleton declarations. The Eggleton declarations provided relevant background information showing that only nineteen state court cases remained after approximately 1,100 cases were filed in various California Superior Courts against PG&E related to the 2018 Camp Fire and the 2017 North Bay Fires, as well as a discussion of an April 2023 case management conference in Butte County Superior Court in which the *Sims* and *Gardner* plaintiffs outlined their argument that punitive damages were not dischargeable in bankruptcy proceedings. BR Dkt. No. 13686 ¶¶ 4-5, 9. Given this relevance, the Court concludes that the Bankruptcy Court did not abuse its discretion in considering the declarations.

And even had the Bankruptcy Court erred in considering the Eggleton declarations, any such error would be harmless because the Bankruptcy Court could have found in favor of Plaintiff's based on Appellants' Opposition brief to the enforcement motion, which admitted their claims arose from the 2018 Camp Fire. *See* BR Dkt. No. 13710 at 4; *see also* May 24, 2023, Hr'g Tr at 10 (admitting Appellants participated in the Fire Victim Trust).

## IV. CONCLUSION

The Court **AFFIRMS** the Bankruptcy Court's ruling in its entirety. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/10/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge